Cole, Ch. J.
In connection with other testimony in the cause, the plaintiffs introduced and read the deposition of William J. Pope, to the third, fourth and fifth interrogatories and answers of which, the defendant duly objected. They are as follows :
“ Interrogatory S. If you answer in response to the second interrogatory, that you or your firm were during the time stated, from August, 1867, to June, 1868, engaged in selling wdieat on commission, you will please state the number of pounds or bushels, if any, you sold on commission from August, 1867, to June, 1868, for the firm of Overman & Moore, of Brooklyn, Iowa?
“ Answer. The number of bushels of wheat (sixty pounds to the bushel) consigned to us by Overman & Moore, and received and sold for them by our firm during the time mentioned, was ten thousand seven hundred and forty-nine and twelve-sixtieths bushels,^-and is shown by exhibit annexed hereto, marked A, and which I make a part of my answer hereto ; which exhibit shows the number of cars, date when received, and the number of bushels in each- car load.
“ Int. 1. You may now state from whom, if any person, you received statements or receipts of the weight of the wheat you sold for Overman & Moore during the time before stated, and, if you have any such receipts now in your possession, you will please annex the same to this *109 deposition as exhibits, and indicate each one by letter and yonr name signed thereon ?
“Ans. We received a freight bill from the elevator firm of Flint, Thompson & Co., of the contents of each car named in above exhibit A, and the said elevator firm issued warehouse receipts to us, giving number of bushels and pounds in each car as weighed by them on arrival, and with the delivery of the receipt was delivered the Rock Island and Pacific Railroad Company’s freight bill, showing Overman & Moore to be the consignors, and the freight charged on same number of pounds .as contained in the warehouse receipt. We have not now any of these receipts. The exhibits which we hereto annex, marked ‘ exhibits number 6 to 40, inclusive,’ I believe are the freight bills, except those marked duplicate,’ which I believe is a true copy of the original freight bill, which bills show the number of car, weight of wheat, etc.; and .1 annex the same as part of my deposition, with my signature to each exhibit.
Int. 5. You may now state, if you please, what account or record, if any, you kept of the wheat you sold for said firm during the time before stated, and, if you kept a record or account, you will please annex a transcript or copy of the same as an exhibit to your deposition, and indicate the same by letter or figure and sign, your name ?
“Ans. We kept books of account showing sales of consignments, and the exhibit marked A’ is a true copy of the said book, of the wheat received from Overman & Moore during the time named.”
Exhibit A is a detailed statement or account showing the date, number of car and number of bushels in each — thirty-six in number — received from August 23 to December 24, 1867, inclusive. The other exhibits are the same number of freight bills of the O., R. I. & P. R. Co., showing the same numbers of cars and bushels of wheat, with the freight charges therefor, receipted.
*110 The objections are to the effect that said answers are mere hearsay, and the exhibits but copies of account books, etc. It is not improbable that a cross-examination of the witness might have discovered the fact that these answers were grounded upon the witness’ confidence in the statements of others, and in the verity of papers coming to him in the ordinary course of business. But his answers are positive and direct, and are made as upon his own personal knowledge. The court below, as here, was asked to exclude them solely on what the answers themselves upon their face discovered. As they purported to be upon the personal knowledge of the witness, the court could not say they were not so in fact; although the circumstances of the case casting a doubt thereon were properly subjects of comment and criticism to the jury to aid them in determining the measure of credibility due them.
The exhibit of the account kept by the firm of the witness is not of itself made evidence or offered as such. The witness himself testifies to its verity and correctness, and the account is annexed to his deposition instead of incorporating its detail in his answer; not that the account is thereby made evidence, but that the positive statements of the witness are given expression therein. As to the freight bills annexed as exhibits, it need only be remarked that the witness testified to the fact of their existence and presentation to his firm, etc.; they were not made evidence nor offered as such, but simply to show their existence — whether they were true or false was a matter for further inquiry, if it became important in the case.
Objections are here made to the depositions of other witnesses in the case. But as such depositions were read without objection in the court below, so far as the transcript discloses, no question can arise thereon for our review.

Affirmed.